Evan Selik (SBN 251039)
Christine Zaouk (SBN 251355)
McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, California 90014
(213) 225-6150 | Fax (213) 225-6151
eselik@mccathernlaw.com
czaouk@mccathernlaw.com

Attorneys for Plaintiff,
ARMANDO ALBA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ALBA, individually and on behalf of other persons similarly situated,<br><br>         Plaintiffs,<br><br>    vs.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC. and DOES 1 through 50,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**1. FAILURE TO PAY MINIMUM WAGES AND OVERTIME (Cal. Labor Code §§1194, 1194.2 and 1198)**<br><br>**2. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Cal. Labor Code §226)**<br><br>**3. FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS (Cal. Labor Code §1174)**<br><br>**4. FAILURE TO PROVIDE MEAL BREAKS (Cal. Labor Code §§226.7 and 512)**<br><br>**5. FAILURE TO PROVIDE REST BREAKS (Cal. Labor Code §§226.7** |

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

and 512)

**6.  FAILURE TO PAY TIMELY WAGES UPON CESSATION OF EMPLOYMENT (Cal. Labor Code §203)**

**7.  FAILUR TO REIMBURSE EXPENSES (Cal. Labor Code §2802)**

**8.  PRIVATE ATTORNEY GENERAL ACT (PAGA) (Cal. Labor Code §§2698 *et. seq.)***

**9.  UNFAIR COMPETITION (Cal Bus, & Prof. Code §§1720 *et. seq.)***

**DEMAND FOR JURY TRIAL**

Plaintiff, Armando Alba ("Plaintiff") on behalf of himself, and all others similarly situated, complains, and alleges as follows:

## INTRODUCTION

1.      This is a class action and PAGA law enforemcement represenative action pursuant to Fed.R.Civ.P. Rule 23, seeking unpaid wages, overtime, damages, liquidated damages, waiting time penalties, remibursement for expenses, restitution, penalites and attonreys' fees and costs brought on behalf of Plaintiff and others similarly situated.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to diversity jurisdiction under 28 U.S. Code §1332(a)(1).   Plaintiff is a citizen of California.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Defendant, Clean Harbors Environmental Services, Inc., has its principal place of business in Massachusetts.

## **PARTIES**

3.     Plaintiff, at all relevant times in this Complaint, was employed by Clean Harbors in California.  Within the statute of limitations for the claims made herein, Plaintiff experienced damage as a result of Defendants conduct.

4.     Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

5.     Plaintiff is informed and believes that Defendants, Clean Harbors Environmental Services, Inc., and DOES 1 through 10 (hereinafter "Clean Harbors") is a company that deals in environmental and industrial services.

6.      Plaintiff is informed and believes that DOES 1 through 50 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

7.     Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff sues said Defendants by said fictitious name and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.   Plaintiff is informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

8.     Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling  shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided, and abetted the conduct of all other Defendants.  As used in this Complaint "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 50.

9.     At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

///

///

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

## FACTS COMMON TO ALL CAUSES OF ACTION

10.     Clean Harbors hired Plaintiff in January of 2017 as a non-exempt employee to perform work for an energy company as an InSite Technician.

11.     During his employment, Clean Harbors would only compensate Plaintiff and those similarly situated for their scheduled hours worked despite the fact that they were frequently required to travel long distances to their varying worksites.

12.     When Plaintiff and those similarly situated worked, they would not get paid overtime for work performed over eight hours in a day, and they would not always receive proper double time payments when they worked over 12 hours a day.

13.     Plaintiff and those similarly situated were not timely paid minimum wages or overtime wages to which they were entitled to in California.

14.     Plaintiff and those similarly situated were required to work over 10 hours a day but were not provided a second meal period.  Similarly, on those days that Plaintiff and those similarly situated worked over 10 hours, they were not provided a third rest break.

15.     Plaintiff and those similarly situated were required to purchase protective footwear for which they were not reimbursed by Defendant in violation of California law.

16.     On June 11, 2029, Plaintiff, individually and on behalf of others similarly situated filed a class action lawsuit in Los Angeles Superior Court.  The case was removed to District Court and then dismissed without prejudice.  This current lawsuit

intends to relate back to the filing of the June 11, 2019 lawsuit per the relation-back doctrine. *Pointe San Diego Residential Cmty., L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP*, 195 Cal.App.4th 265, 276 (2011).

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

17.    Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to Fed.R.Civ.P. Rule 23.   The members of the Class are defined as follows:

**Unpaid Overtime Wage Class**: All current and former non-exempt employees of Clean Harbors who worked over eight hours a day and were not paid overtime within the last three (3) years prior to June 11, 2019 until the date of entry of judgment by the Court.

**Rest Break Class**:  All current and former non-exempt employees of Clean Harbors who, at any time within the last three (3) years prior to June 11, 2019 until the date of entry of judgment by the Court, were not authorized or permitted to take a third rest when working over 10 hours in a day.

**Meal Period Class**:  All current and former non-exempt employees of Clean Harbors who, at any time within the last three (3) years prior to June 11, 2019 until the date of entry of judgment by the Court, were not provided a second meal period after working more than 10 hours in a day.

**Late Pay Class**: All former non-exempt employees of Clean Harbors who, at any time within the last three (3) years prior to June 11, 2019 until the date of entry of judgment by the Court, were not paid all their wage earned after separation of employment from Clean Harbors.

**Expense Reimbursement Class**: All current and former non-exempt employees of Clean Harbors who, at any time within the last three (3) years prior to June 11, 2019 until the date of entry of judgment by the Court, were not reimbursed for all their work related expense.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**Minimum Wage Class**: All current and former non-exempt employees of Clean Harbors who were not paid minimum wage within the last three (3) years prior to June 11, 2019 until the date of entry of judgment by the Court.

18.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of Fed.R.Civ.P. Rule 23 and other applicable law.

19.     <u>**Numerosity of the Classes**</u>: Members of the class are so numerous that their individual joinder is impracticable.  Plaintiff estimates that there are no less than 100 persons in the identified classes.  The precise number of class members and their addresses are unknown to Plaintiff.  However, Plaintiff is informed and believes and thereon alleges that the number can be obtained through Clean Harbors personal and employment records.  Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

20.     <u>**Existence of Predominance of Common Questions of Fact and Law**</u>: Common questions of law and fact exist as to all members of the class.  These questions predominate over any questions effecting only individual members of the class.  These common factual and legal questions include:

(a)   Whether Defendants failed to pay Plaintiff and the putative class members all wages due and owing during the course of their employment in violation of Cal. Labor Code §§510, 558, 1194 and 1194.2;

(b)   Whether Defendants failed to properly provide meal periods or authorize rest breaks or pay compensation in lieu thereof in violation of Cal. Labor

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

Code §§226.7, 512 and 558;

(c)  Whether Defendants failed to provide Plaintiff and the putative class members accurate wage statements in accordance with Cal. Labor Code §226(a);

(d)  Whether Defendants failed to reimburse Plaintiff and the putative class members for necessary business expenses incurred in direct consequence of the discharge of their duties in violation of Cal Labor Code §2802;

(e)  Whether Defendants willfully misclassified Plaintiff and the putative class members as independent contractors as opposed to employees in violation AB5 and *Dynamic Operations West, Inc. v. Superior Court* 4 Cal.5th 903 (2018);

(f)  Whether Defendants failed to pay Plaintiff and the putative class members all wages due and owing at the separation of their employment in violation of Cal. Labor Code §§201, 202 and 203; and

(g)  Whether Plaintiff and the putative class members are entitled to equitable relief pursuant to Cal. Business and Professions Code §§17200 *et. seq.*, 558, 1194 and 1194.2

21.  **Typicality**:  Plaintiff's claims are typical of the claims of the members of the class, which all arise from the same operative facts and are based on the same legal theories.

22.  **Adequacy**:  Plaintiff will adequately and fairly protect the interests of the members each of the class.  Plaintiff has no interest adverse to the interests of absent

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

class members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation.

23. **Superiority**:  A class action is superior to other available means for fair and efficient adjudication of the claims of the class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of each class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGES**
**(By Plaintiff and the Minimum Wage Class against all Defendants)**

24. Plaintiff incorporates paragraphs 1 through 23 of this complaint as though fully alleged herein.

25. At all relevant times, Plaintiff and the other members of the Minimum Wage Class were employees of Defendants covered by Labor Code §§1194, 1197 and the applicable IWC Wage Order.  This required Defendants to pay their

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

1    employees the applicable minimum wage for all hours worked.

2        26.    Plaintiff and the aggrieved employees worked some workdays greater

3    than other eight hours in a day.  The maximum hours of work and the standard

4

5    conditions of the labor fixed by the commission shall be the maximum hours of

6    work and the standard conditions of Labor for employees.  The employment of any

7    employee for longer hours than those fixed by the order or under conditions of

8

9    labor prohibited by the order is unlawful.

10        27.    Pursuant to Labor Code §§1194.2, 218, 218.5 and 218.6, Plaintiff and

11   other members of the Minimum Wage Class are entitled to recover the unpaid

12

13   amount of minimum wage, prejudgment interest, reasonable attorneys' fees, cost

14   of suit and liquidated damages as an amount equal to the minimum wages

15

16   unlawfully unpaid and interest thereon.

17                    **SECOND CAUSE OF ACTION**
                 **FAILURE TO PAY OVERTIME WAGES**
18       **(By Plaintiff and Unpaid Overtime Wage Class against all Defendants)**

19        28.    Plaintiff incorporates paragraphs 1 through 27 of this complaint as though

20

21   fully alleged herein.

22        29.    At all revelant times, Plaintiff and the other members of the Unpaid

23   Overtime Wage Class were employees of Defendants covered by Labor Code §§1194

24

25   and 510 and the applicable IWC Wage Order.

26        30.    Pursuant to Labor Code §§1194 and 510 and the applicable IWC Wage

27   Order, Plaintiff and the other members of the Unpaid Overtime Wage Class were

28

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday and/or in excess of forty hours in one workweek, and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday or on the seventh consecutive day of work.  Plaintiff and the other members of the Unpaid Wages Class were entitled to overtime pay for all hours they worked in excess of eight hours per day on days when they worked less than ten hours in a day but in excess of eight hours in that same day.  Plaintiff and the other members of the Unpaid Wage Class were entitled to be paid overtime for working on the seventh consecutive day in a workweek per IWC Order 14 §3.

31.    Defendants failed to pay Plaintiff and other members of the Unpaid Overtime Wage Class for overtime work in violation of Labor Code §510.   This resulted in Defendants failing to pay all the overtime wages owed to Plaintiff and class members.

32.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the Unpaid Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid all overtime wages earned.

33.    Pursuant to Labor Code §1194, Plaintiff and other members of the Unpaid Overtime Wage Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, reasonable attorneys' fees, and costs of suit.

///

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

34.     Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained and continues to maintain a policy or practice of requiring members of the Unpaid Overtime Wage Class to perform various duties without compensation. As a result of Defendants' unlawful conduct, Plaintiff and members of the Unpaid Overtime Wage Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned during each pay period.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE/PERMIT COMPLIANT MEAL PERIODS AND REST BREAKS
### (By Plaintiff and the Rest Break and Meal Period Classes against all Defendants)

35.     Plaintiff incorporates paragraphs 1 through 34 of this complaint as though fully alleged herein.

36.     During the relevant period, Plaintiff and other members of the each Class were required to work over 10 hour shifts and did not receive the legally required second meal period and/or third rest break within the time required by Labor Code and relevant order of the IWC.

37.     At all relevant times, Plaintiff and other members of each Class did not receive wages contemplated by Labor Code §226.7 for missed meal and rest periods.

38.     Pursuant to Labor Code §§218, 218.5 and 218.6, Plaintiff and members of each Class are entitled to recover the full amount of their unpaid monies owed, prejudgment interest, reasonable attorneys' fees and costs of suit.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

# FOURTH CAUSE OF ACTION
## FAILURE TO PAY WAGES TIMELY UPON CESSATION OF EMPLOYMENT
### (By Plaintiff and the Late Pay Class against all Defendants)

39.     Plaintiff incorporates paragraphs 1 through 38 of this complaint as though fully alleged herein.

40.     At all relevant times, Plaintiff and the other members of the Late Pay Class were employees of Defendant covered by Labor Code §§226.7, 510, 512, 1194 and the applicable IWC Wage Order.

41.     Pursuant to the aforementioned Labor Code Sections and the IWC Wage Order provisions, Plaintiffs and other members of the Late Pay Class are entitled to unpaid wages.  Additionally, upon cessation of employment with Defendant to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

42.     Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination timely in accordance with Labor Code §§201 or 202.  Plaintiff is informed and believes and thereon alleges that by failing to pay for all work time, at all relevant times within the applicable limitations period,

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Defendants maintained and continues to maintain a policy or practice of not paying terminated employees all their final wages earned before termination due under Labor Code §§201 or 202.

43.   Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§201 or 202 was willful.   Defendants had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code §§201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§201 or 202.

44.   Pursuant to Labor Code §§201 or 202, Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

45.   Pursuant to Labor Code §203, Plaintiff and other members of the Late Pay Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

46.   As a result of Defendants' conduct, Plaintiff and other members of the Late Pay Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

47.   As a result of Defendants' conduct, Plaintiff and members of the Late Pay Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code §203.

///

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

48.     Pursuant to Labor Code §§218 and 218.5, Plaintiff and other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code §203, reasonable attorneys' fees and costs of suit.  Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff and other members of the Late Pay Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid continuation wages.

**FIFTH CAUSE OF ACTION**
**FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS**
**(By Plaintiff and all Classes against all Defendants)**

49.     Plaintiff incorporates paragraphs 1 through 48 of this complaint as though fully alleged herein.

50.     Labor Code §226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (5) net wages earned … (8) the name and address of the legal entity that is the employer...and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."  Labor Code §226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee, and is entitled to an award of costs and reasonable attorneys' fees."

51.     Throughout the period applicable to this cause of action, Defendants knowingly and intentionally failed to furnish, and continue to knowingly and intentionally fail to furnish, to Plaintiff and other members of each Class, upon each payment of wages, itemized statements accurately showing the required information.

52.     Plaintiff and the other members of each Class suffered injury by these failures as contemplated by the amendment to the statute effective in 2013.

53.     Plaintiff and the other Class members are entitled to the amounts provided for in Labor Code § 226(e), plus costs of suit.

54.     Pursuant to Labor Code §§218 and 218.5, the members of each Class are entitled to recover the penalty wages available pursuant to Labor Code §226(e), reasonable attorneys' fees, and costs of suit.  Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff and the other members of each Class are entitled to recover prejudgment interest on the amount of their unpaid penalty wages.

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY REIMBURSMENTS OF EXPENSES
### (By Plaintiff and the Expense Reimbursement Class against all Defendants)

55.     Plaintiff incorporates paragraphs 1 through 54 of this complaint as though fully alleged herein.

56.     Cal. Labor Code §2802 requires employers to reimburse workers for all necessary expenditures or losses incurred by the employee in direct consequence of the

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

discharge of his or her duties.

57.    Plaintiff and other putative class members were required to purchase protective footwear for which they were not reimbursed by Defendants in violation of the above statute.  Defendants required Plaintiff and other putative class members to wear protective footwear while working for Defendants.

58.    Pursuant to Labor Code §§2802, the members of each Class are entitled to recover reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (By Plaintiff and all Classes against all Defendants)

59.    Plaintiff incorporates paragraphs 1 through 58 of this complaint as though fully alleged herein.

60.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business & Professions Code §§17200 *et seq*.  Due to the allegedly unlawful and unfair business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees for all earned wages as required by law.

61.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and other members of each Class have suffered injury in fact and lost money or property.  Plaintiff and members of each Class have been deprived of their rights to minimum wages for all hours worked; overtime wages for all overtime hours worked;

timely and accurate wage statements; and timely payment of all monies earned each pay period.

62.   Pursuant to Business & Professions Code §17203, Plaintiff and other members of each Class are entitled to restitution of all wages and other monies owed and belonging to them, including interest thereon, that Defendants wrongfully withheld from them and retained for itself by means of its unlawful and unfair business practices.

63.   Pursuant to Business & Professions Code §17203, Plaintiff and other members of each Class are entitled to an injunction to prevent the continuation of Defendants' unlawful and unfair business practices that constitute unfair competition. Injunctive relief is warranted because Defendants continue to engage in unlawful and unfair business practices with respect to currently employed members of each Class, and such members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available to prevent Defendants from continuing to engage in the unlawful and unfair business practices described herein.

64.   Plaintiff and members of each Class are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure §1021.5, the substantial benefit doctrine and/or the common fund doctrine.

///

///

Complaint/Demand for Jury Trial

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

# EIGHTH CAUSE OF ACTION
## VIOALTION OF THE PRIVATE ATTORNEYS GENERAL ACT
### (By Plaintiff and all other aggrieved employees against all Defendants)

65.     Plaintiff incorporates paragraphs 1 through 64 of this complaint as though fully alleged herein.

66.     Pursuant to Labor Code §2698, *et seq.,* Plaintiff seeks to recover all applicable civil penalties, unpaid wages, and reasonable attorneys' fees and costs, permitted under the Private Attorney Generals Act (PAGA) through a representative action on behalf of themselves and all other aggrieved employees that worked for Defendants during the relevant time period.

67.     In accordance with *Arias v. Superior Court* 46 Cal.4th 969 (2009), a representative action is not subject to the formalities required of a class action and class action certification of PAGA claims are not required.

68.     Plaintiff is an "aggrieved employee" within the meaning of Labor Code §2699(c) because he was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations, as alleged herein.   Plaintiff is well suited to represent the interests of all other aggrieved employees in this PAGA representative action.

69.     Pursuant to Labor Code section 2699(i), seventy five percent (75%) of civil penalties recovered by aggrieved employees shall be distributed to the Labor and Workforce Development Agency (hereinafter "LWDA'") for enforcement of labor laws and education of employers and employees about their rights and

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

responsibilities under this code, and twenty five percent (25%) shall be distributed to the aggrieved employees.

70.    Plaintiff's representative action alleges violations of certain Labor Code sections that are listed within Labor Code §2699.5. Accordingly, Labor Code §2699.3(a) applies to this action, and Labor Code §2699.3(b)-(c) do not apply.

71.    On June 6, 2019, Plaintiff, Armando Alba, complied with Labor Code §2699.3(a), by serving written notice, via certified mail, upon the LWDA and Defendants regarding the specific provisions of the Labor Code alleged to have been violated by Defendants and Plaintiff's intent to pursue civil penalties against Defendants on behalf of himself and all other aggrieved employees pursuant to PAGA.  Attached hereto as **Exhibit "A"** is a true and correct copy of Plaintiff, Armando Alba's, notice letter.

72.    Labor Code §2699.3(a) provides in pertinent part that: "The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received … [u]pon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given … the aggrieved employee may commence a civil action pursuant to Section 2699." More than thirty-three calendar days passed since Plaintiffs served notice upon the LWDA and Defendants, and the LWDA did

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

not provide notice of its intent to investigate Plaintiff's claims. Accordingly, Plaintiff exhausted his obligation to  provide administrative notice and are authorized to commence this representative action seeking civil penalties on behalf of themselves and all other aggrieved employees of Defendants.

73.    Pursuant to Labor Code §2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to the procedures specified in Labor Code §2699.3.

74.    Pursuant to Labor Code §2699(f)(2), for all provisions of the Labor Code for which a civil penalty is not specifically provided, there is established a civil penalty that imposes a penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

75.    Pursuant to Labor Code §2699(a) and (f), Plaintiff, on behalf of himself and aggrieved employees, seek applicable civil penalties for violations of Labor Codes §§201, 202, 203, 204, 226, 226.7, 227.3, 510, 512, 551, 552, 558, 1194, 1194.2, 1197, and 1198, as set forth below:

(a)    For violations of Labor Code §§201, 202, 203, 226.7, 227.3, 510, 512, 551, 552, 1194, and 1198, Labor Code §2699(f)(2) imposes a civil

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

penalty of one hundred dollars ($100) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

(b)     For violations of Labor Code §204, Labor Code §210 imposes a civil penalty of one hundred dollars ($100) for each aggrieved employee for each initial violation that was neither willful nor intentional, and two hundred dollars ($200) for each aggrieved employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee, for each subsequent violation, regardless of whether the subsequent violation was willful or intentional;

(c)     For violations of Labor Code §226(a), Labor Code §226.3 imposes a civil penalty, in addition to any other penalty provided by law, of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation;

(d)     For violations of Labor Code §510, 512,551, and 552, Labor Code §558 imposes a civil penalty, in addition to any other penalty provided by law, of fifty dollars ($50) for initial violations for each underpaid aggrieved employee for each initial pay period for which the aggrieved employee was underpaid, in addition to an amount sufficient to recover underpaid wages owed to aggrieved employees, and one hundred dollars ($100) for subsequent violations for each underpaid aggrieved employee for each pay period for which the aggrieved employee was underpaid, in addition to an amount to

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

recover underpaid wages.

(e)     For violations of Labor Code §1197, Labor Code §1197.1 imposes a civil penalty of one hundred dollars ($100) for each aggrieved employee for each initial violation that was intentional, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation, regardless of whether the initial violation was intentional.

76.     Defendants have violated Labor Code §§510, 1194, and 1197 by not paying Plaintiff and aggrieved employees all wages owed for all hours worked each pay period, as alleged herein. Thus, pursuant to Labor Code §2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

77.     Defendants violated Labor Code §§226.7 and 512 by denying Plaintiff and aggrieved employees an opportunity to take timely off-duty and uninterrupted second thirty-minute meal period after working over 10 hours in a day, and by failing to pay a premium wage equivalent to an additional hour of pay at the regular rate of pay for each day a compliant meal period was not provided. Thus, pursuant to Labor Code §2699(1)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

period for each subsequent violation.

78.    Defendants violated Labor Code §226.7 by denying Plaintiff and aggrieved employees a third ten minute off-duty rest period while working over 10 hours in a day, and by failing to provide a premium wage equivalent to an additional hour of pay at the regular rate of pay for each workday that a compliant rest period was not provided. Thus, pursuant to Labor Code §2699(1)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

79.    Defendants violated Labor Code §204 by failing to pay Plaintiff and aggrieved employees for all hours worked, failing to pay all overtime and double-time wages earned and owed at the appropriate premium rates due to Defendants' failure to properly calculate the regular rate of pay to take into account shift differential, and by failing to pay meal and/or rest period premium wages equivalent to an additional hour of pay at their regular rate of pay for each day a compliant meal and/or rest period was not provided.  In accordance with Labor Coded §204(a) and 2699(a), Defendants, in addition to, and entirely independent and apart from any other penalty, are subject to a civil penalty for failing to pay all wages earned by aggrieved employee for each pay period as provided in Labor §204, in the amount of one hundred dollars ($100) for the initial violation per aggrieved employee and two hundred dollars ($200) for each subsequent violation,

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

or any willful or intentional violation, per aggrieved employee, plus twenty five percent (25%) of the amount unlawfully withheld.

80.    Defendants violated Labor Code §226(a) by failing to provide Plaintiff and aggrieved employees with accurate itemized wage statements correctly identifying, among other things, the correct overtime and double time premium rates of pay, the correct amount of gross wages earned, the correct amount of net wages earned, the correct amount of deductions that were paid or should have been paid, and the company's address. Thus, pursuant to Labor Code §§226.3 and 2699(a), Defendants, in addition to, and entirely independent and apart from any other penalty, arc subject to a civil penalty for violation Labor Code §226(a) in the amount of two hundred and fifty dollars ($250) per aggrieved employee per violation in an initial citation and one thousand dollars ($1,000) per aggrieved employee for each violation in a subsequent citation.

81.    Defendants violated Labor Code §201, 202, and 203 by willfully failing to timely pay Plaintiff and aggrieved employees all wages owed upon separation of employment, and by failing to pay wages for all hours worked, failing to pay overtime and double-time wages at the correct premium rates, and failing to pay meal and rest period premium wages.    Thus, pursuant to Labor Code §2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of these sections, and two hundred dollars ($200) for each aggrieved employee per pay

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

period for each subsequent violation.

82.     At all material times, Defendants were and are Plaintiff and aggrieved employees employer, or persons acting on its behalf, within the meaning of Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter I of the Labor Code or any provision regulating hours and days of work in the applicable IWC Order and, as such, are subject to civil penalties for each underpaid employee as set forth in Labor Code §558. The civil penalties provided for under Labor Code §558 are in addition to any other civil penalty provided by law.

83.     Pursuant to Labor Code §§558 and 2699(a), Defendants are subject to a civil penalty of fifty dollars ($50) for each initial violation and one hundred dollars ($100) for each subsequent violation of Labor Code §§510 and 1194 for each pay period for which the aggrieved employee was not paid all wages owed as a result of Defendants' unlawful policy or practice of rounding of time worked, as alleged herein. The civil penalty is in addition to an amount sufficient to recover the underpaid wages owed to Plaintiff and aggrieved employees.

84.     Pursuant to Labor Code §§558 and 2699(a), Defendants are subject to a civil penalty of fifty dollars ($50) for each initial violation and one hundred dollars ($100) for each subsequent violation of Labor Code §§510 and 1194 for each pay period for which the aggrieved employee was not paid one and one-half times his/her appropriate regular rate of pay for all overtime hours worked and two

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

times his/her appropriate regular rate of pay for all double time hours worked, as alleged herein. The civil penalty is in addition to an amount sufficient to recover the underpaid wages owed to Plaintiffs and aggrieved employees.

85.    Pursuant to Labor Code §§558 and 2699(a), Defendants are subject to a civil penalty of fifty dollars ($50) for each initial violation and one hundred dollars ($100) for each subsequent violation of Labor Code §§512 and 226.7 for each pay period for which Plaintiff and aggrieved employees were not provided with a timely off-duty and uninterrupted thirty minute long second meal period before the end of the tenth hour of work, as alleged herein. The civil penalty is in addition to an amount sufficient to recover the underpaid meal period premium wages owed to Plaintiff and aggrieved employees.

86.    Pursuant to Labor Code §§558 and 2699(a), Defendants are subject to a civil penalty of fifty dollars ($50) for each initial violation and one hundred dollars ($100) for each subsequent violation of Labor Code §226.7 for each pay period for which Plaintiffs and aggrieved employees were not provided with a timely off-duty and uninterrupted third ten-minute-long rest period, as alleged herein. The civil penalty is in addition to an amount sufficient to recover the underpaid meal period premium wages owed to Plaintiffs and aggrieved employees.

87.    Defendants violated Labor Code §1198 by failing to comply with the maximum hours of work and the standards conditions of labor fixed by the IWC

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

under the "Hours and Days of Work", the "Meal Period" and "Record" sections of the applicable IWC Wage Order by failing to pay all wages owed for all hours worked, overtime and double time wages owed, failing to provide compliant meal and rest periods, failing to pay meal and rest period premium wages, and failing to keep and provide accurate records, as alleged herein. Thus, pursuant to Labor Code §2699(f)(2), Defendants are subject to a civil penalty in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for relief and judgment against Defendants as follows:

## **CLASS CERTIFICATION:**

1. An order that the action be certified as a class action;

2. An order that Plaintiff be certified as the representative of the Classes;

3. An order that counsel for Plaintiff be confirmed as Class counsel;

## **ON THE FIRST CAUSE OF ACTION:**

1. Damages for unpaid minimum wages;

2. Liquidated damages;

3. Prejudgment interest;

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

## ON THE SECOND CAUSE OF ACTION:

1.      Damages for unpaid overtime wages;

2.      Prejudgment interest;

## ON THE THIRD CAUSE OF ACTION:

1.      Wage penalties for each day Plaintiff and the Meal and Rest Break Class did not receive a meal period;

2.      Wage penalties for each day on which Plaintiff and the Meal and Rest Break Class did not receive a compliant rest period;

3.      Prejudgment interest;

## ON THE FOURTH CAUSE OF ACTION:

1.      Damages for unpaid wages earned prior to termination of employment;

2.      Damages for unpaid continuation wages owed for failing to pay all earned wages timely upon termination of employment;

3.      Prejudgment interest;

## ON THE FIFTH CAUSE OF ACTION:

1.      Remedies available pursuant to Labor Code §226(e);

2.      Prejudgment interest;

## ON THE SIXTH CAUSE OF ACTION:

1.      Restitution of all unpaid reimbursements and other monies owed and belonging to Class members that Defendants unlawfully withheld from them and retained for itself;

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

2.    Attorneys' fees and costs;

### ON THE SEVENTH CAUSE OF ACTION:

1.    Restitution of all Unpaid Wages and other monies owed and belonging to Class members that Defendants unlawfully withheld from them and retained for itself;

2.    Prejudgment interest;

3.    An order enjoining Defendants from engaging in the unfair and unlawful business practices described herein.

### ON ALL CAUSES OF ACTION:

1.    Judgment in favor of Plaintiff and each Class (on those causes of action for which a class is pled) and against Defendants;

2.    Reasonable attorneys' fees;

3.    Costs of suit; and

4.    Such other relief as the Court deems just and proper.


Date: July 26, 2022                          McCATHERN LLP


By:    _Evan Selik_
       EVAN SELIK
       CHRISTINE ZAOUK
       Attorneys for Plaintiff,
       ARMANDO ALBA

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Complaint/Demand for Jury Trial

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for himself and the Classes on all claims so triable.

Date: July 26, 2022                     McCATHERN LLP


By:    *Evan Selik*
       _____
       EVAN SELIK
       CHRISTINE ZAOUK
       Attorneys for Plaintiff,
       ARMANDO ALBA

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

# Exhibit "A"

# HARRIS & RUBLE

ATTORNEYS AND COUNSELORS AT LAW

SOUTHERN CALIFORNIA OFFICE:

655 NORTH CENTRAL AVE  17th  FL
GLENDALE CA 91203
TELEPHONE: 323.962.3777
FAX: 323.962.3004
www.harrisandruble.com

ALAN HARRIS
———

PRIYA MOHAN
DAVID GARRETT
MIN JI GAL
LIN ZHAN

NORTHERN CALIFORNIA OFFICE:

116 E. BLITHEDALE AVE SUITE 2
MILL VALLEY, CA 94941
TELEPHONE: 312.543.0967
FAX: 323.962.3004

*SUBMITTED ONLINE*

June 6, 2019

California Labor & Workforce Development Agency

Re:     *Armando Alba v. Clean Harbors Environmental Serv. Inc.*- PAGA Notice

To whom it may concern:

      Pursuant to the applicable provisions of the California Labor Code Private Attorneys General Act, Armando Alba ("Plaintiff"), hereby alleges with respect to his employment with Cole Services; ("Defendant"), that Defendant violated provisions of the California Labor Code.

      The "Aggrieved Employees" are non-exempt hourly employees who have been employed to provide environmental cleaning support services.

      Defendant is a Massachusetts corporation.   Defendant failed to provide Aggrieved Employees with wage statements containing the information required by Labor Code section 226(a), failed to provide them with uninterrupted meal and rest breaks, failed to reimburse them for necessary business expenses such as mileage, and were not properly compensated for overtime.

      Plaintiff contends that Sections 201.5, 203, 226, 226.7, 226.8, 510, 512, 558, 1194, 1198, 2802, and 2699 et seq. of the California Labor Code and the applicable Wage Order enables Plaintiff to recover civil penalties under PAGA, as well as attorneys' fees and costs from Defendant through a civil action on behalf of himself and other Aggrieved Employees.

      Plaintiff will seek to recover the PAGA penalties through a representative action permitted by PAGA and the California Supreme Court in <u>Arias v. Superior Court</u>, 46 Cal. 4th 969 (2009). Plaintiff will seek civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

1. **Failure to pay wages and/or final wages to Plaintiff and Aggrieved Employees in violation of Labor Code §§ 201 and 203.** With respect to violations of Labor Code § 201, Plaintiff contends that the failure of Defendant to make final payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 203 of the California Labor Code and that, accordingly, each Aggrieved Employee who was not timely paid his or her final wages is entitled to civil penalties. Labor Code section 203 provides for a penalty of wages to be paid at the same rate until the wages are paid for up to thirty days.

2. **Failure to provide itemized wage statements to Plaintiff and Aggrieved Employees in violation of Labor Code § 226(a).** Plaintiff and other Aggrieved Employees have not been provided a wage statement as required by Labor Code section 226(a). The foregoing was the intentional misconduct of Defendant that was intended to mislead and injure Plaintiff and other Aggrieved Employees insofar as they were subjected to confusion and deprived of information to which they were legally entitled. Section 226(e) provides that any employee who suffers injury as a result of a knowing and intentional failure by the employer to comply with its obligation to provide wage statements containing all of the information referenced above is entitled to recover the greater of his actual damages or $50 for the first violation by the employer. The employee is also entitled to recover $100 for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.

3. **Failure to provide proper rest and meal periods to Plaintiff and Aggrieved Employees.** Plaintiff and Aggrieved Employees were not provided with timely meal and rest periods in violation of Labor Code section 226.7 and the applicable Wage Order. Labor Code section 226.7 requires "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

4. **Failure to reimburse necessary business expenses under Labor Code § 2802.** Plaintiff and Aggrieved Employees were not reimbursed for necessary business expenses. Labor Code 2699 *et seq.* imposes a civil penalty of one hundred dollars per pay period per aggrieved employee for initial violations, and two hundred dollars per pay period per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

5. **Failure to pay minimum and overtime wages to Plaintiff and Aggrieved Employees in violation of Labor Code §§ 510, 558, 1194, and 1198.** Both late payment and non-payment of minimum wages violate the state statute requiring the payment of a minimum hourly wage. Labor Code section 558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and one hundred ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. At all times relevant hereto, sections 510, 1194, and 1198 of the Labor Code required (1) the payment of at least the minimum wage, (2) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week, and (3) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek.

- 2 -

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Cal. Labor Code § 510(a).

Under the Labor Code, employees who receive less than the proper amount of overtime compensation are entitled to recover in a civil action the unpaid balance of their overtime compensation. Cal. Lab. Code § 1194(a).  The Aggrieved Employees are entitled to recover additional overtime compensation under the Labor because Defendant miscomputed their respective overtime rates. This miscomputation violation took place with any Aggrieved Employee who earned overtime compensation. Under both the Labor Code and the FLSA, any overtime hours must be compensated at the rate of no less than one and one-half times the regular rate of pay.  An employee's "regular rate," in turn, must be calculated with reference to all payments received, **including bonuses and commissions**. See, e.g., Huntington Mem'l Hosp. v. Superior Court, 131 Cal. App. 4th 893, 904 (2005); 29 C.F.R. § 778.117.[1]

Labor Code, Section 2802 provides damages for failure to reimburse necessary expenses. The Aggrieved Employees did not receive reimbursement of expenses as required.

Labor Code, Section 221 provides penalties for illegal deductions from wages.  The Aggrieved Employees had illegal deductions from their wages e.g. union dues were deducted when there is no union for the employees to join.

In addition, Defendant failed to provide them wage statements with the information required by Labor Code section 226(a), failed to provide them with uninterrupted meal and rest breaks, failed to reimburse them for necessary business expenses such as mileage, and were not properly compensated for overtime.

Please advise whether you will proceed with an investigation of this matter or whether Plaintiff may seek a civil-penalty recovery for the alleged violations under the Labor Code Private Attorneys General Act through his private counsel.

Very truly yours,

*Harris & Ruble*

cc: (Via Certified Mail) Clean Harbors Environmental Serv. Inc.
42 Longwater Drive
P.O. Box 9149
Norwell MA 02061-9149

---

[1] "Wages" protected by the Labor Code include not just salaries earned hourly, but also bonuses, profit-sharing plans, and commissions.   Davis v. Farmers Ins. Exchange, 245 Cal.App.4th 1302 (2016), modified on denial of rehearing, review denied.